1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attorney Name:     Allen J. Baden (SBN 255805)
                   Edge Law Group
Attorney Address:  100 Los Gatos – Saratoga Rd., Ste. B
                   Los Gatos, CA 95032
Phone Number:      650-460-8050
Facsimile Number:  650-460-8060
E-mail Address:    abaden@edgelawgroup.com
Attorney for Plaintiff Smash-It LLC

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SMASH-IT, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>    *Plaintiff,*<br><br>v.<br><br>SMASH BROTHERS, LLC, SMASH BROTHERS INVESTMENT GROUP, LLC, SMASH BROTHERS LICENSING, LLC, AND SMASH BROTHERS MANAGEMENT, LLC, KENTUCKY LIMITED LIABILITY COMPANIES, HEINZ BERGMANN GMBH & CO. KG, A GERMAN LIMITED LIABILITY COMPANY, EPAX SYSTEMS, INC., A CALIFORNIA CORPORATION, SMASHIN BASTINS, LLC, A TENNESSEE LIMITED LIABILITY COMPANY, GRIND-N-GO, LLC, A FLORIDA LIMITED LIABILITY COMPANY, WASTE COMPACTION SERVICES, LLC DBA SMASH-IT, A MISSOURI LIMITED LIABILITY COMPANY, AND DOES 1-10,<br><br>    *Defendants.* | **Case No.: 19-cv-1169**<br><br>**COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, MISAPPROPRIATION, INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP, INTENTIONAL INTERFERENCE WITH PROSECTIVE ECONOMIC ADVANTAGE, INDUCING BREACH OF CONTRACT, AND RELATED CLAIMS UNDER THE LAWS OF THE STATE OF CALIFORNIA**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Smash-It, LLC ("Plaintiff") files this Complaint for Patent and Trademark Infringement, Unfair Competition, Intentional Interference with Contractual Relationships, Intentional Interference with Prospective Economic Advantage, Inducing

Breach of Contract, and related causes of action under the laws of the State of California, and Demand for Jury Trial against Smash Brothers, LLC, Smash Brothers Investment Group, LLC, Smash Brothers Licensing, LLC, Smash Brothers Management, LLC, Heinz Bergmann GmbH & Co. KG, Epax Systems, Inc., Smashin Bastins, LLC, Grind-N-Go, LLC, Waste Compaction Services, LLC dba Smash-It, and DOES 1-10, and alleges as follows, with knowledge about its own act and upon information and belief as to all other allegations:

## <u>THE PARTIES</u>

1.      Smash-It, LLC is a California limited liability company with its principal place of business at 873 Blossom Hill Drive, San Jose, California 95123. Plaintiff Smash-It, LLC owns the intellectual property at the heart of this dispute.

2.      Smash Brothers, LLC is a Kentucky limited liability company with its principal place of business at 9418 Norton Commons Blvd., Suite 235, Prospect, Kentucky 40059. Smash Brothers, LLC licensed Plaintiff's Intellectual Property (defined in paragraph 24, below) and is in breach of the associated agreement between Plaintiff and Smash Brothers, LLC.

3.      Smash Brothers Investment Group, LLC is a Kentucky limited liability company with its principal place of business at 9418 Norton Commons Blvd., Suite 235, Prospect, Kentucky 40059. Smash Brothers Licensing, LLC is a Kentucky limited liability company with its principal place of business at 9418 Norton Commons Blvd., Suite 235, Prospect, Kentucky 40059. Smash Brothers Management, LLC is a Kentucky limited liability company with its principal place of business at 9418 Norton Commons Blvd., Suite 235, Prospect, Kentucky 40059. Smash Brothers, LLC, Smash Brothers Investment Group, LLC, Smash Brothers Licensing, LLC and Smash Brothers Management, LLC (collectively, the "<u>Smash Brothers Defendants</u>") share common ownership and control and are alter egos of one another.

4.    Heinz Bergmann GmbH & Co. KG is a German Limited Liability Company (GmbH) with its principal place of business at Ursula-de-Boor-Strasse 49, 22419 Hamburg, Germany ("Bergmann"). Bergmann is the manufacturer of the pulverizer arm component of Plaintiff's patented mobile trash pulverizer that Smash Brothers, LLC licensed from Plaintiff, as discussed further in paragraphs 17 to 18, below.

5.    Epax Systems, Inc. is a California corporation with its principal place of business at 14641 Arminta Street, Panorama City, CA 91402 ("Epax"). Epax describes itself as a national provider of industrial trash equipment and is an importer and distributor of the pulverizer arm component manufactured by Bergmann.

6.    Smashin Bastins, LLC is a Tennessee limited liability company with its principal place of business at 1400 Rosa L Parks Blvd., Apt 111, Nashville, Tennessee 37208-2566. Smashin Bastins, LLC is a franchisee of the Smash Brothers Defendants and, while a purported sublicensee of Plaintiff's Intellectual Property, has no valid license or sublicense to use those rights.

7.    Grind-N-Go, LLC is a Florida limited liability company with its principal place of business at 174 Watercolor Way 103/418, Santa Rosa Beach, Florida 32459. Grind-N-Go, LLC is a franchisee of the Smash Brothers Defendants and, while a purported sublicensee of Plaintiff's Intellectual Property, has no valid license or sublicense to use those rights

8.    Waste Compaction Services, LLC dba Smash-It is a Missouri limited liability company with its principal place of business at 120 S Central Ave., Suite 1600, Saint Louis, Missouri 63105. Waste Compaction Services, LLC dba Smash-It is a franchisee of the Smash Brothers Defendants and, while a purported sublicensee of Plaintiff's Intellectual Property, has no valid license or sublicense to use those rights

9.    Does 1 – 10 may include other organizations managed, controlled or owned or granted a license by one or more of the Smash Brothers Defendants, Bergmann, Epax

or the Franchisees. Plaintiff lacks knowledge regarding the true names or capacities of the Defendants sued under the fictitious names Does 1 through 10, inclusive; and they are therefore sued by such fictitious names and capacities. Plaintiff will seek leave to amend this Complaint with the true names and capacities of the fictitiously-named Does once such information is available.

10.     Each of the fictitiously-named Does was or is controlled, operated by or affiliated with or granted a license by one or more of the Smash Brothers Defendants, Bergmann, Epax or the Franchisees at the time of the events herein alleged, and/or was acting directly or indirectly in the interest of the other defendants in relation to Plaintiff. Plaintiff is further informed and believes and alleges each of the fictitiously-named Does aided and assisted the other named defendants in committing the wrongful acts, and/or confirmed and ratified the wrongful actions of the other named defendants, and that Plaintiff's damages as alleged herein were proximately caused by such fictitiously-named Does defendants.

11.     Each Defendant, including Does 1 through 10, was the principal, agent, officer, director, employee, employer, subsidiary, parent company, affiliate, licensee, sublicensee, franchisee, spouse, partner, joint venturer, successor, predecessor, aider and abettor, and/or co-conspirator to one or more of the other defendants and was engaged with one or more defendants in a joint enterprise for profit, acting in concert and within the scope of their authority, and had such other relationships with one or more defendants to be liable for the conduct of that defendant. Plaintiff is further informed and believes, and alleges each Defendant, including Does 1 through 10, acted under and within the scope of the relationships alleged above, and each Defendant ratified, adopted, approved, knew about or should have known about, encouraged, or aided the conduct of the other defendants.

12.     For purposes of this Complaint, Smashin Bastins, LLC, Grind-N-Go, LLC and Waste Compaction Services, LLC dba Smash-It are collectively referred to as the "Franchisees" and Smash Brothers Defendants, Bergmann, Epax, Franchisees and Does 1 – 10 are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

13.     This action arises under the Patent Act, 35 U.S.C. § 101 et seq. and is an action at law and in equity for trademark infringement, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, as amended (15 U.S.C. § 1051, et seq.), the California Model State Trademark Law, Sections 14200 et seq. of the California Business & Professions Code, the California Business & Professions Code Section 17200 and 17500 et seq., and the common law of California. This Court has original jurisdiction over this controversy under Sections 1331 and 1338 of the Judicial Code (28 U.S.C. §§ 1331 and 1338), and under Section 39 of the Trademark Act of 1946 (15 U.S.C. § 1121).

14.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

15.     This Court has personal jurisdiction over Defendants. The Smash Brothers Defendants regularly and continuously do business in this District as the direct or beneficial licensee of Plaintiff's Intellectual Property at the heart of this dispute; Bergmann has contracted with Plaintiff and supplied Plaintiff with the pulverizer arm components of Plaintiff's patented technology in this District; Epax advertises and promotes its products and has imported the pulverizer arm components of Plaintiff's patented technology in this District; and Franchisees and Does 1-10 purportedly sublicensed or are the beneficial users of Plaintiff's Intellectual Property. Defendants also have infringed or induced infringement of Plaintiff's Intellectual Property, and continue to do so, in this District. In addition, the Court has personal jurisdiction over Defendants

because minimum contacts have been established with the forum and exercising jurisdiction would not offend traditional notions of fair play and substantial justice.

## INTRADISTRICT ASSIGNMENT

16.     Pursuant to Northern District of California Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

## PLAINTIFF'S INNOVATIONS

17.     For over a decade, Plaintiff and its predecessors-in-interest have built a mobile trash compaction business on the back of patented technology that maximizes the use of open top refuse containers commonly used at construction and manufacturing sites by shredding, redistributing and compacting trash using a combination of hydraulic pivot arms and a rotatable pulverizing roller mounted on a mobile, flatbed truck. As a result, the containers can hold more refuse and the number of times the containers need to be picked up and hauled away to be emptied, before being replaced, is significantly reduced. The net result is not merely cost savings, but a reduction in the space used by refuse, a demonstrable environmental benefit.

18.     Plaintiff has sourced the pulverizer arm component (which includes hydraulic pivot arms and a rotatable pulverizing roller) of its mobile trash pulverizers from Bergmann, which manufacturers the component in Germany and exports them to the United States, where Plaintiff or third parties under Plaintiff's direction mount the pulverizer arm component to flatbed trucks to create a mobile trash pulverizers. Prior to this dispute, Bergmann only supplied the pulverizer arm component to Plaintiff or its authorized assemblers. More recently, Bergmann has supplied the pulverizer arm component to Epax for distribution to one or more of the Defendants or directly to one or more of the Smash Brothers Defendants or the Franchisees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFF'S INTELLECTUAL PROPERTY

**The '535 Patent**

19.     On May 25, 2004, U.S. Patent No. 6,739,535 titled *Mobile Trash Pulverizer* (the "'535 Patent") was issued to Salvatore P. LaBarbera. A copy of the '535 Patent is attached to this Complaint as Exhibit 1 and is incorporated by reference herein. The below illustration appears in the '535 Patent (with the components labeled number 94 serving as the pulverizer arm component and the flatbed truck labeled number 20).



20.     The '535 Patent was assigned by Salvatore P. LaBarbera to Chris LaBarbera, as evidenced by the records of the U.S. Patent and Trademark Office, which recorded the assignment at Reel/Frame 025607/0411. Copies of the assignment and associated abstract of assignment are attached as Exhibit 2 to this Complaint.

21.     Chris LaBarbera subsequently assigned all rights, title and interest in the '535 Patent to Plaintiff, which is the sole owner of the '535 Patent. A copy of the assignment from Mr. LaBarbera to Plaintiff is attached as Exhibit 3 to this Complaint and has been recorded in the records of the U.S. Patent and Trademark Office at Reel/Frame

048416/0578, as evidenced by the Notice of Recordation attached as <u>Exhibit 4</u> to this Complaint.

**Plaintiff's Trademarks**

22.     Plaintiff adopted and has applied to register a family of trademarks based on its name, including the SMASH-IT trademark in block letters and a stylized form of SMASH-IT in combination with a design element, as depicted below (collectively, "<u>Plaintiff's Trademarks</u>"). Attached as <u>Exhibit 5</u> to this Complaint is a spreadsheet illustrating Plaintiff's Trademarks and the applications therefore pending in the U.S. Patent and Trademark Office.



**Plaintiff's Trade Secrets**

23.     Based on years of operating a highly-successful mobile trash pulverization service in multiple States, Plaintiff developed valuable trade secrets associated with operating the service that facilitates maximizing the capacity of open top refuse containers ("<u>Plaintiff's Trade Secrets</u>") (the '535 Patent, Plaintiff's Trademarks and Plaintiff's Trade Secrets hereinafter collectively, "<u>Plaintiff's Intellectual Property</u>").

<u>**BACKGROUND OF THE DISPUTE**</u>

**The License Agreement**

24.     In 2016, Plaintiff was approached by principals of Smash Brothers, LLC who were interested in creating a franchise system based on and using Plaintiff's Intellectual Property.

25.     After months of negotiations, Plaintiff and Smash Brothers, LLC executed a License Agreement dated July 26, 2016. A copy of the July 2016 License Agreement is attached as <u>Exhibit 6</u> to this Complaint (the "<u>License Agreement</u>").

26.     The License Agreement provided Smash Brothers, LLC an exclusive (except as to Plaintiff, with certain caveats) license to Plaintiff's Intellectual Property, with Smash Brothers, LLC compensating Plaintiff minimum, guaranteed royalties (in the form of Operator License Fees), associated payments, and fixed charges for a license to operate each mobile trash pulverizer, with Plaintiff offering warranty and support services for the units, which charges Smash Brothers, LLC stated it would pass on to franchisees.

27.     Before executing the Original Agreement, Smash Brothers, LLC conducted months of due diligence, including retaining patent counsel to evaluate the '535 Patent. At no time have any of the Defendants challenged the validity of Plaintiff's Intellectual Property.

28.     As detailed in the License Agreement (<u>Exhibit 6</u>), following a startup period to give Smash Brothers, LLC a chance to get off the ground, including by raising funds and creating the documentation and making necessary governmental filings, Smash Brothers, LLC set out to create its franchise system. In broad terms, the franchise system includes a website using Plaintiff's Trademarks and promoting the mobile trash compaction service and technology developed by Plaintiff, granting franchisees the right to use those trademarks and Plaintiff's patented technology, and requiring the franchisees to purchase and providing guidance on the promotion of mobile trash pulverizers from Smash Brothers, LLC, who would source them from Plaintiff. The below image from Smash Brothers, LLC's website illustrates one of Plaintiff's mobile trash pulverizers:



**The Amended Agreement**

29.     While the License Agreement generally worked for Plaintiff and Smash Brothers, LLC, their practical experience and opportunities to reconsider the language of the Original Agreement led them to negotiate an amendment thereto.

30.     Following additional months of negotiations between the parties and their counsel and the exchange of multiple drafts, in September 2017, Plaintiff and Smash Brothers, LLC agreed to amend the License Agreement by restating it with revised provisions in its entirety. Attached as <u>Exhibit 7</u> to this Complaint is copy of the Amendment and Restatement of License Agreement and exhibits thereto (the "<u>Amended Agreement</u>"), with an exhibit thereof showing the differences between the License Agreement and Amended Agreement in redline.

**Smash Brothers, LLC's Breach of the Amended Agreement**

31.     Within months of it having executed the Amended Agreement, Smash Brothers, LLC found itself in breach thereof by failing to pay required fees, including Operator License Fees and Operations Royalties. As a result of being in breach of the Amended Agreement, the Smash Brothers Defendants' continued use of Plaintiff's Intellectual Property is unlicensed and unlawful.

32.     Smash Brothers, LLC continues to exploit Plaintiff's Intellectual Property, including by entering into franchise agreements purporting to grant Franchisees the right to use Plaintiff's Intellectual Property. Attached as <u>Exhibit 8</u> to this Complaint are printouts from the Smash Brothers, LLC website (www.smashsmashhaul.com) illustrating the Smash Brothers Defendants' franchising efforts and use of Plaintiff's patented technology and Plaintiff's Trademarks.

33.     The Smash Brothers Defendants not only breached or are in breach of the Amended Agreement, but they have engaged in multiple unlawful acts causing additional harm to Plaintiff, including by importing or attempting to import pulverizer arm

components from Bergmann that infringe, either directly or indirectly, when mounted on flatbed trucks, one or more claims of the '535 Patent, and by using the SMASH-IT trademark generically, all in breach of their contractual and fiduciary duty to preserve Plaintiff's intellectual property rights. Additionally, the Smash Brothers Defendants are misleadingly and wrongfully holding themselves out as owners of the '535 Patent, developers of the underlying technology, and as authorized to source mobile trash pulverizers that fall within one or more claims of the '535 Patent from sources other than Plaintiff.

34.    By attempting to secure and purchasing pulverizer arm components from Bergmann directly, the Smash Brothers Defendants have tortuously interfered with Plaintiff's contractual relationship with and inducing patent infringement by Bergmann.

35.    The Smash Brothers Defendants' infringing acts could not happen without the benefit of their unlawfully securing pulverizer arm components directly from Bergmann. Plaintiff notified Bergmann that its sale of pulverizer arm components in the United States to anyone other than Plaintiff is unauthorized and represents an infringement of the '535 Patent. A copy of the letter from Plaintiff's Counsel to Bergmann is attached as <u>Exhibit 9</u> to this Complaint. Notwithstanding Plaintiff putting Bergmann on notice that any efforts to promote, sell, distribute or import pulverizer arm components to be used in a manner that infringes the '535 Patent, other than through Plaintiff, are unlawful, Bergmann has been in contact with the Smash Brothers Defendants and has either sold or agreed to sell pulverizer arm components to be used in infringing mobile trash pulverizers. Bergmann's acts of direct, indirect or contributory infringement of the '535 Patent are willful.

36.    Plaintiff similarly notified Epax that its importation and sale of pulverizer arm components represented an act of direct or contributory infringement of the '535 Patent. See Plaintiff's Counsel's letter to Epax attached as <u>Exhibit 10</u> to this Complaint,

to which Plaintiff has not received a substantive response. To this day, a photograph of a mobile trash pulverizer that infringes one or more claims of the '535 Patent appears in links to Epax on the Google Maps website and as <u>Exhibit 11</u> to this Complaint. Epax' acts of direct or contributory infringement of the '535 Patent are willful.

37.     The Smash Brothers Defendants' unlawful actions also include holding themselves out as owners of or authorized to sublicense Plaintiff's Intellectual Property, misrepresenting to Franchisees the nature of the dispute between Plaintiff and Smash Brothers, LLC, misusing Plaintiff's SMASH-IT trademark on the Smash Brothers Defendants' website, and one or more of the Smash Brothers Defendants wrongfully removing pulverizer arm components owned by Plaintiff from storage and mounting them to trucks for use by Smash Brothers, LLC, one or more of its affiliated entities or the Franchisees.

**<u>COUNT I</u>**
**Direct Infringement of the '535 Patent 35 U.S.C. § 271(a)**
**(All Defendants)**

38.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

39.     Defendants have infringed and continue to infringe at least Claim 1 of the '535 Patent in violation of 35 U.S.C. § 271(a).

40.     Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both, or represents contributory infringement.

41.     Defendants' acts of making, using, importing, selling, and/or offering for sale infringing products have been without the permission, consent, authorization, or license of Plaintiff.

42.     Defendants' infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendants' patented mobile trash pulverizer technology.

43.     As a result of Defendants' unlawful activities, Plaintiff has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Plaintiff and Defendants compete in the mobile trash pulverizer space. Defendants' continued infringement of the '535 Patent causes harm to Plaintiff in the form of price erosion, loss of goodwill, damage to reputation, loss of business opportunities, inadequacy of money damages, and direct and indirect competition. Monetary damages are insufficient to compensate Plaintiff for these harms. Plaintiff is entitled to preliminary and/or permanent injunctive relief.

44.     Defendants' infringement of the '535 Patent has injured and continues to injure Plaintiff in an amount to be proven at trial, but not less than a reasonable royalty.

45.     Defendants have been long-aware of the '535 Patent and have continued their unauthorized infringing activity despite this knowledge.

46.     Despite their knowledge of the '535 Patent, Defendants have sold and continue to sell the accused products in complete and reckless disregard of Plaintiff's patent rights. Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '535 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT II
### Indirect Infringement of the '535 Patent 35 U.S.C. § 271(b)
### (All Defendants)

47.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

48.     Defendants have induced and continue to induce direct and contributory infringement of at least Claim 1 of the '535 Patent under 35 U.S.C. § 271(b).

49.     In addition to directly infringing the '535 Patent, Defendants indirectly infringe the '535 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including customers, purchasers, and users to utilize the mobile trash pulverizers claimed in the '535 Patent. Defendants knew or were willfully blind to the fact that it was inducing others, including customers, purchasers, users and developers, to infringe by practicing, either themselves or with Defendants, one or more claims of the '535 Patent, including Claim 1.

50.     Defendants knowingly and actively aided and abetted the direct infringement of the '535 Patent by instructing and encouraging their customers, purchasers, users and franchisees to use mobile trash pulverizers. Such instructions and encouragement included, but are not limited to, advising third parties to use the mobile trash pulverizers in an infringing manner, providing a mechanism through which third parties may infringe the '535 Patent, and by advertising and promoting the use of the mobile trash pulverizers in an infringing manner, and distributing guidelines and instructions to third parties on how to use the mobile trash pulverizers in an infringing manner.

51.     Despite their knowledge of Plaintiff's '535 Patent, Defendants have sold and continue to sell the accused products in complete and reckless disregard of Plaintiff's patent rights. Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of induced infringement of the '535 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT III
### Contributory Infringement of the '535 Patent 35 U.S.C. § 271(c)
### (Smash Brothers Defendants, Bergmann, Epax)

52.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

53.     The Smash Brothers Defendants, Bergmann and Epax are liable for contributory patent infringement under 35 U.S.C. § 271(c).

54.     In addition to directly infringing the '535 Patent, the Smash Brothers Defendants, Bergmann and Epax contributorily infringe the '535 Patent pursuant to 35 U.S.C. § 271(c) by mounting or causing to be mounted pulverizer arm components from Bergmann on flatbed trucks and thereby creating the mobile trash pulverizers claimed in the '535 Patent. The Smash Brothers Defendants, Bergmann and Epax knew or were willfully blind to the fact that they were contributorily infringing one or more claims of the '535 Patent, including Claim 1.

55.     The Smash Brothers Defendants, Bergmann and Epax knowingly and actively aided and abetted the contributory infringement of the '535 Patent by instructing or causing to be affixed pulverizer arm components on flatbed trucks so as to create mobile trash pulverizers.

56.     Despite their knowledge of Plaintiff's '535 Patent, the Smash Brothers Defendants, Bergmann and Epax have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of contributory infringement of the '535 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT IV
### Unfair Competition (Trademark Infringement) 15 U.S.C. § 1125(a)
### (Smash Brothers Defendants and Franchisees)

57.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

58.     The Smash Brothers Defendants and Franchisees have performed the acts and practices complained of herein knowing they would, and with the intent to, cause confusion, mistake or deception.

59.     The Smash Brothers Defendants and Franchisees' unauthorized use of a mark confusingly similar to Plaintiff's trademark as hereinabove set forth infringes Plaintiff's Trademarks in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)).

60.     The acts of infringement by the Smash Brothers Defendants and Franchisees have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

61.     The Smash Brothers Defendants and Franchisees have acted willfully, to justify the assessment of punitive damages against the Smash Brothers Defendants and Franchisees, in an amount to be determined during trial.

62.     The acts of infringement by the Smash Brothers Defendants and Franchisees, unless enjoined by this Court, will cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## <u>COUNT V</u>
### Unfair Competition - False Designation of Origin and False Representation (Smash Brothers Defendants)

63.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

64.     The Smash Brothers Defendants' unlawful use of the Plaintiff's Trademarks constitutes the use by the Smash Brothers Defendants of a false designation of origin and a false representation in commerce in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); and, the Smash Brothers Defendants are engaging in this activity with knowledge of the falsity of such designation of origin and representation.

65.     The acts of false designation of origin and false representation by the Smash Brothers Defendants have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

66.     The Smash Brothers Defendants have acted willfully, to justify the assessment of punitive damages against each Smash Brothers Defendant, jointly and severally, in an amount to be determined during trial.

67.     The acts of false designation of origin and false representation by the Smash Brothers Defendants, unless enjoined by this Court, will cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT VI
### Unfair Competition - False Advertising
### (Smash Brothers Defendants)

68.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

69.     The Smash Brothers Defendants' statements regarding the origin of the mobile trash pulverizers they promote, license and sell are false and designed to mislead consumers, the trade and regulatory agencies operated by State and Federal Governments, and otherwise represent acts of false advertising and false designation in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)). The Smash Brothers Defendants are engaging in this activity with knowledge of the falsity of such advertising and representation.

70.     The acts of false advertising and false representation by the Smash Brothers Defendants have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

71.     The Smash Brothers Defendants have acted willfully, to justify the assessment of punitive damages against each Defendant, jointly and severally, in an amount to be determined during trial.

72.     The acts of false advertising and false representation by the Smash Brothers Defendants, unless enjoined by this Court, will cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT VII
### Common Law Trademark Infringement and Unfair Competition
### (All Defendants)

73.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

74.     Defendants' unlawful acts described above constitutes trademark infringement and their acts of false advertising and false representation constitutes unfair competition under the common law of the State of California.

75.     The acts of trademark infringement and unfair competition by Defendants have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

76.     Defendants have acted willfully, to justify the assessment of punitive damages against Defendants, jointly and severally, in an amount to be determined during trial, but not less than $1,500,000.00.

77.     The acts of trademark infringement and unfair competition by Defendants, unless enjoined by this Court, have and will continue to cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT VIII
### Violation of California Business & Professions Code §14200 et seq.
### (Smash Brothers Defendants)

78.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

79.     By reason of the foregoing, there is a likelihood of injury to Plaintiff's business reputation, and a likelihood of dilution of the distinctive quality of Plaintiff's

exclusive trademark, in violation of Plaintiff's rights under the California Model State Trademark Law.

80.     The Smash Brothers Defendants' unlawful acts complained of hereinabove constitute the assumption, adoption or use, intending to deceive or mislead the public, for advertising or for trade, of a designation or style, or a symbol or simulation thereof, which may deceive or mislead the public on the identity of Defendants or their products, or as to a connection of the Smash Brothers Defendants with Plaintiff, in violation of the California Model State Trademark Law.

81.     The violations of the California Model State Trademark Law by the Smash Brothers Defendants have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

82.     The Smash Brothers Defendants have acted willfully, to justify the assessment of punitive damages against Defendants, jointly and severally, in an amount to be determined during trial, but not less than $1,500,000.00.

83.     The violations of the California Model State Trademark Law by the Smash Brothers Defendants, unless enjoined by this Court, will cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT IX
### Violation of California Unfair Competition Law §17200 et seq.; §17500 et seq.
### (Smash Brothers Defendants, Epax and Franchisees)

84.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

85.     The unlawful acts of the Smash Brothers Defendants, Epax and Franchisees complained of hereinabove constitute unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in the State of California under California's Unfair Competition Law, California Business & Professions Code Sections 17200 *et seq.* and 17500 *et seq.*

86.     Plaintiff has been injured from the Smash Brothers Defendants, Pax and Franchisees' deceptive acts and practices.

87.     The violations of California's Unfair Competition Law by the Smash Brothers Defendants, Epax and Franchisees have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

88.     Smash Brothers Defendants, Epax and Franchisees acted willfully, to justify the assessment of punitive damages against Defendants, jointly and severally, in an amount to be determined during trial, but not less than $1,500,000.00.

89.     The violations of California's Unfair Competition Law by the Smash Brothers Defendants, Epax and Franchisees, unless enjoined by this Court, will cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

### COUNT X
### Misappropriation
### (Smash Brothers Defendants)

90.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

91.     The Smash Brothers Defendants' unlawful acts described above constitutes misappropriation under the common law of the State of California.

92.     The acts of misappropriation by the Smash Brothers Defendants have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

93.     The Smash Brothers Defendants have acted willfully, to justify the assessment of punitive damages against the Smash Brothers Defendants, jointly and severally, in an amount to be determined during trial, but not less than $1,500,000.00.

94.     The acts of misappropriation by the Smash Brothers Defendants, unless enjoined by this Court, have and will continue to cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**COUNT XI**
**Intentional Interference with Contractual Relationships**
**(Smash Brothers Defendants)**

95.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

96.     The Smash Brothers Defendants' unlawful acts described above constitutes intentional interference with contractual relationships under the common law of the State of California.

97.     The acts of intentional interference with contractual relationships by the Smash Brothers Defendants have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

98.     The Smash Brothers Defendants have acted willfully, to justify the assessment of punitive damages against the Smash Brothers Defendants, jointly and severally, in an amount to be determined during trial, but not less than $1,500,000.00.

99.     The acts of intentional interference with contractual relationships by the Smash Brothers Defendants, unless enjoined by this Court, have and will continue to cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**COUNT XII**
**Intentional Interference with Prospective Economic Advantage**
**(Smash Brothers Defendants)**

100.    Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

101.    The Smash Brothers Defendants' unlawful acts described above constitutes intentional interference with prospective economic advantage under the common law of the State of California.

102.    The acts of intentional interference with prospective economic advantage by the Smash Brothers Defendants have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

103.    The Smash Brothers Defendants have acted willfully, to justify the assessment of punitive damages against the Smash Brothers Defendants, jointly and severally, in an amount to be determined during trial, but not less than $1,500,000.00.

104.    The acts of intentional interference with prospective economic advantage by the Smash Brothers Defendants, unless enjoined by this Court, have and will continue to cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT XII
### Negligent Interference with Prospective Economic Advantage
### (Smash Brothers Defendants)

105.    Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

106.    The Smash Brothers Defendants' unlawful acts described above constitutes negligent interference with prospective economic advantage under the common law of the State of California.

107.    The acts of negligent interference with prospective economic advantage by the Smash Brothers Defendants have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

108.    The Smash Brothers Defendants have acted willfully, to justify the assessment of punitive damages against the Smash Brothers Defendants, jointly and severally, in an amount to be determined during trial, but not less than $1,500,000.00.

109.   The acts of negligent interference with prospective economic advantage by the Smash Brothers Defendants, unless enjoined by this Court, have and will continue to cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT XIII
### Inducing Breach of Contract
### (Smash Brothers Defendants)

110.   Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

111.   The Smash Brothers Defendants' unlawful acts described above constitutes inducing breach of contract under the common law of the State of California.

112.   The acts of inducing breach of contract by the Smash Brothers Defendants have caused monetary damage, loss and injury to Plaintiff in an amount to be determined during trial.

113.   The Smash Brothers Defendants have acted willfully, to justify the assessment of punitive damages against the Smash Brothers Defendants, jointly and severally, in an amount to be determined during trial, but not less than $1,500,000.00.

114.   The acts of inducing breach of contract by the Smash Brothers Defendants, unless enjoined by this Court, have and will continue to cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

    a.   An entry of judgment holding that Defendants have infringed and are infringing the '535 Patent, directly or by contributory infringement; and have induced infringement and is inducing infringement of the 'the '535 Patent;

b. A preliminary and permanent injunction against Defendants and their officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing the '535 Patent, or inducing the infringement of the '535 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

c. An award to Plaintiff of such past damages, not less than a reasonable royalty, as it shall prove at trial against Defendants adequate to compensate Plaintiff for Defendants' infringement of the '535 Patent;

d. A determination that Defendants' infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis under the law;

e. A finding this case is "exceptional" and an award to Plaintiff of its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

f. An accounting of all infringing sales and revenues, with post judgment interest and prejudgment interest from the first date of infringement of the '535 Patent;

g. That the Smash Brothers Defendants and Franchisees and their officers, directors, agents, servants, employees, successors, assigns and all persons controlling, controlled by or affiliated with them and all those in active concert or privity or participation with the foregoing, be enjoined during the pendency of this action and perpetually thereafter from using the Plaintiff's Trademarks and any other name or mark likely to cause confusion with Plaintiff's Trademarks, in the marketing, advertising, promoting or sale of any goods or services; from otherwise infringing or diluting Plaintiff's Trademarks; and from otherwise competing unfairly with Plaintiff;

h.   That Plaintiff recover from Defendants the damages sustained by Plaintiff, as found by the Court, in consequence of the Smash Brothers Defendants and Franchisees' unlawful acts, with interest on such damages, and that, under Section 35 of the U.S. Trademark Act, 15 U.S.C. § 1117, such damages be trebled;

i.   That, under Section 35 of the U.S. Trademark Act, 15 U.S.C. § 1117, The Smash Defendants and Franchisees be ordered to account for and to pay to Plaintiff the gains, profits, savings and advantages realized by Defendants from the acts complained of herein; and

j.   That Plaintiff recover from the Smash Brothers Defendants punitive and exemplary damages of at least $1,500,000.00 from Defendants' wanton and willful acts of common law trade name infringement, trademark infringement, unfair competition, misappropriation, intentional interference with contractual relationships, negligent interference with contractual relationships, inducing breach of contract, and violations of California's Model State Trademark Law and unfair competition laws.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and Northern District of California Local Rule 3-6, Plaintiff Smash-It, LLC demands a trial by jury on all issues so triable.


DATED: March 1, 2019

By: _____
Allen J. Baden (SBN 255805)
EDGE LAW GROUP
100 Los Gatos Saratoga Rd., Ste. B
Los Gatos, CA 95032
650-460-8050 Telephone
650-460-8060 Fax
abaden@edgelawgroup.com